```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
YURI J. STOYANOV,
                              *
     Plaintiff,
                              *
          v.                        CIVIL NO.:   WDQ-07-1764
                              *
DONALD C. WINTER, et al.
                              *
     Defendants.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Yuri J. Stoyanov, *pro se*, sued the Secretary of the Navy and others[1] for violations of Title VII of the Civil Rights Act of 1964,[2] the Age Discrimination in Employment Act of 1967 ("ADEA"),[3] and the Whistleblower Protection Act ("WPA").[4]

---

[1] Including in their individual and official capacities: (1) Charles Behrle, Head of the Carderock Division, Naval Surface Warfare Center ("NSWC"); (2) Gary Jebsen, Head of Code 70, Carderock Division, NSWC; (3) Gerald Smith, Deputy Head of Code 70, Carderock Division, NSWC; (4) Kevin Wilson, Head of Code 74, Carderock Division, NSWC; (5) John Davies, Deputy Head of Code 74, Carderock Division, NSWC; (6) Bruce Crock, Head of Code 74, Carderock Division, NSWC; (7) Paul Shang, Head of Code 72, Carderock Division, NSWC; (8) Mathew Craun, Head of Code 722, Carderock Division, NSWC; (9) M. Kathleen Fowler, Administrative Officer Code 709, Carderock Division, NSWC; (10) David Caron, Assistant Counsel Code 39, Carderock Division, NSWC; and (11) Karen Evanish, Human Resources Specialist.

[2] 42 U.S.C. §§ 2000e *et seq.*

[3] 29 U.S.C. §§ 621 *et seq.*

Pending is Stoyanov's motion to reconsider this Court's December 8, 2009 Order. For the following reasons, that motion will be denied.

I.   Background

Stoyanov was a scientist with the Naval Surface and Warfare Center Carderock Division ("NSWCCD") in Bethseda, Maryland until his suspension on February 2, 2007. Compl. ¶ 6. On July 6, 2007, he filed suit alleging discrimination and retaliation against him by NSWCCD between spring 2003 and spring 2004. Paper No. 1. On September 17, 2008, the Court granted Stoyanov's motion to reactivate and reassign this suit to the active docket. Paper No. 6. On December 8, 2009, this Court (1) granted the Defendants' motion for summary judgment on Stoyanov's Title VII and ADEA claims; (2) dismissed Stoyanov's WPA, tort, and Constitutional claims; and (3) denied Stoyanov's motions for sanctions, to file a surreply, and for entry of final judgment. Paper No. 47. On December 18, 2009, Stoyanov filed a motion to reconsider that Order. Paper No. 48. On January 25, 2010, Stoyanov filed a notice of appeal. Paper No. 49.

---

[4]   5 U.S.C. §§ 1221 *et seq.*

II.  Analysis

    A.   Standard of Review

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.  *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008).  Interlocutory orders are subject to modification "prior to the entry of a final judgment adjudicating the claims to which they pertain." *Williams v. County of Westchester*, 171 F.3d 98, 102 (2d Cir. 1999); Fed. R. Civ. P. 54(b).  A party may move for a new trial or to alter or amend a judgment under Rule 59, or for relief from a judgment under Rule 60.

A "judgment" is "a decree and any order from which an appeal lies"; it includes final judgments and appealable interlocutory orders.  *Auto Servs. Co.*, 537 F.3d at 856 (*quoting* Fed. R. Civ. P. 54(a)).  A motion to alter or amend filed within 10 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.  *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).  Because this Court's December 8, 2009 Order was a judgment and Stoyanov filed his motion for reconsideration within 10 days, Rule 59(e) will govern.

Under Rule 59(e), a court may grant a motion to alter or

amend the judgment to: (1) accommodate an intervening change in controlling law; (2) account for new evidence previously unavailable; or (3) correct a clear error of law or prevent manifest injustice. *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Rule 59(e) may not be used to reargue points that could have been made before judgment was entered. *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

Mere disagreement with the court's decision will not result in granting a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Indeed, "[w]here a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002); *see Erskine v. Bd. of Educ.*, 207 F. Supp. 2d 407, 408 (D. Md. 2002).

B.   Motion to Reconsider

Stoyanov argues that this Court should reconsider its December 8, 2009 Order because (1) it was issued before discovery, and (2) the Government should have been sanctioned for "misrepresentations and unwarranted contentions" in its motion for summary judgment and other papers. Pl.'s Mot. at 1-2. Under Fed. R. Civ. P. 56(f), this Court may deny a request

4

for additional discovery, grant a continuance, or "issue any other just order." Given the exhaustive administrative record and Stoyanov's repetition of arguments made in his previous suits, additional discovery was unnecessary to enable the Court to decide the Defendants' motion for summary judgment. Because Stoyanov's allegations of misrepresentations by the Defendants are duplicative of those previously considered,[5] the Court will not repeat its analysis of the issue; Stoyanov's bare allegations of "fraud" and "deceit" do not justify sanctions under Rule 11(b).

III. Conclusion

For the reasons stated above, Stoyanov's motion for reconsideration will be denied.

March 1, 2010           _____/s/_____
Date                    William D. Quarles, Jr.
                        United States District Judge

---

[5] *See* Paper Nos. 39, 44.